UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| THOMAS RICHARD STRONG,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN REYES,<br><br>Respondent. | 4:24-CV-04166-KES<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

Petitioner, Thomas Richard Strong, filed a habeas petition under 28 U.S.C. § 2254. Docket 1. The matter was referred to United States Magistrate Judge Veronica L. Duffy under 28 U.S.C. § 636(b)(1)(B) and the District of South Dakota's Civil Local Rule of Practice 72.1.A.2(b), which designates to the magistrate judge the duty to prepare proposed findings and recommendations for the disposition of habeas petitions. The magistrate judge recommended dismissing the petition with prejudice because the petition was filed after the statute of limitations expired and Strong made no arguments regarding statutory or equitable tolling. Docket 9 at 8-9. Strong timely filed a motion to reconsider, which the court construes to be a timely objection, the report and recommendation contending that his filing was timely because he timely filed a state habeas petition before South Dakota's two-year statute of limitation ran. Docket 10. He questions why his federal habeas petition needed to be filed before his state habeas petition. *Id.*

**STANDARD OF REVIEW**

The court's review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. The court reviews de novo any objections to the magistrate judge's recommendations as to dispositive matters that are timely made and specific. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). In conducting its de novo review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994).

**DISCUSSION**

Strong does not object to the portion of Magistrate Judge Duffy's report that finds Strong's state court conviction became final for purposes of § 2244 on May 23, 2022. Docket 9 at 7. This date is 90 days after his conviction was affirmed by the South Dakota Supreme Court. *Id.* Strong admits that his state habeas petition was not filed until September 19, 2023. Docket 10.

A 1-year statute of limitation applies to the filing of a federal writ of habeas corpus "by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." If Strong had filed his State habeas petition between May 23, 2022, and May 23, 2023, the 1-year statute of limitation would have been tolled while the claim was pending in

2

State court. But Strong did not file his State post-conviction petition until September 19, 2023. *See* Docket 10. As a result, the 1-year statute of limitations to file his federal writ of habeas corpus ended on May 23, 2023, and the petition that he filed with this court on September 9, 2024, is untimely.

Thus, it is ORDERED:

1. Strong's objections to the report and recommendation (Docket 10) are overruled.

2. That Magistrate Judge Duffy's report and recommendation (Docket 9) is adopted as supplemented by this opinion.

3. That Strong's petition under 28 U.S.C. § 2254 (Docket 1) is dismissed with prejudice.

Dated May 21, 2025.

                                          BY THE COURT:

                                          */s/ Karen E. Schreier*
                                          KAREN E. SCHREIER
                                          UNITED STATES DISTRICT JUDGE